# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **EUROPA STONE DISTRIBUTORS, INC.,** | ) | Case No. 10-17211-SSM |
| Debtor-in-Possession. | ) | |

## DEBTOR-IN-POSSESSION'S MOTION TO ESTABLISH PROCEDURES FOR THE AUCTION/ SALE OF INVENTORY AND OTHER ASSETS, AND TO AUTHORIZE THE SALE OF SUCH PROPERTY FREE AND CLEAR OF ALL LIENS

Europa Stone Distributors, Inc., Debtor and Debtor-in-Possession ("Debtor"), by its undersigned counsel, James M. Towarnicky, P.L.L.C., hereby files this Motion ("Motion") to establish procedures for the auction/sale of its inventory and other business assets (the "Assets") and/or to authorize the sale of such property free and clear of all liens and other interests,[1] pursuant to 11 U.S.C. §§ 105(a) and 363(f), and Bnkr. Rules 4001 and 6004 as follows:

### I. PRELIMINARY STATEMENT

Among the assets of the estate of Debtor are certain slabs and other materials sold by Debtor (the "Inventory") in the ordinary course of Debtor's business (the "Assets"). Since the filing of its petition for relief on or about August 25, 2010, Debtor has continued to operate its business in much the same manner as pre-petition. Due to dwindling resources, and to econ- omize on employee and overhead costs, Debtor wishes approval of an auction procedure to sell its remaining inventory at the least cost and delay to Debtor, and to maximize such Assets' value.

James M. Towarnicky, Va Bar No. 26549
JAMES M. TOWARNICKY, P.L.L.C.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
Telephone:      703.352-0022
Facsimile:       703.352-1516
Counsel to the Chapter 11 Debtor in Possession

---

[1] In accordance with Local Rule 9013-1 (G)( 1), the Debtor is combining his memorandum of points and authorities with this Motion.

Debtor requests that the Court: (i) approve procedures for an internet auction of the Property to be held January 21, 2010 and/or on a date selected by the sales agent, as set forth below (the "Auction"); (ii) schedule a hearing on January 18, 2010 for approval of the sale of the Assets to the Winning Bidder (as hereafter defined) free and clear of all liens and other interests; and (iii) authorize the Debtor to pay Christopher R. Rasmus, R. L. Rasmus Auctioneers, Inc., d/b/a Rasmus Asset Advisors of P. O. Box 30760, Alexandria, Virginia 22310 ("Rasmus")[2] a commission described herein for conducting such sale (the marketing expenses of which will be paid by Rasmus from such commissions).

As described in detail below, Rasmus, the Debtor's proposed sales agent for the Assets,[3] has devised an auction strategy that the Debtor believes will result in the highest and most effective sale price for the Assets. The Auction will be conducted over the Internet for the various individual pieces, following which the winning bid will be announced by Rasmus, monies collected, and distributed first to the approved sales costs, then to the first secured creditor ("Suntrust"), then to the second secured creditor, then to the Bankruptcy Estate.

II. BACKGROUND

1. On August 26, 2010 ("Petition Date"), Debtor filed a voluntary petition for chapter 11 relief in this Court commencing its case ("Case").

2. Debtor is Debtor-in-Possession of the Bankruptcy Estate (the "Estate"), and no Trustee or Examiner has been appointed for the Estate.

3. Since the Petition Date, the Debtor has operated its business in accordance with its ordinary course of business, while it has evaluated formulating a plan of reorganization

---

[2] Contemporaneously with the filing of this Motion, the Debtor has filed an Application to Employ Rasmus as Sales Agent for the Assets.

and disclosure statement.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N).

6. As stated above, among the assets of the Estate are the Assets that are the subject of this Motion.

7. On January 9, 2004, Debtor executed a credit line with Suntrust, N.A. ("Suntrust"), which credit line is evidenced by a promissory note of even date therewith in the amount of up to $150,000.00 (the "Note"), secured by a security agreement of even date therewith, and certain UCC-1 filings encumbering all business assets of the Debtor.

8. On or about December 10, 2004, Debtor borrowed funds from Eleanor Werthmann and Neonatal Health Services, P.C. (the "Secondary Loan") secured by a security agreement and certain UCC-1 filings encumbering all business assets of the Debtor. The balance on the Petition Date of the Secondary Loan was approximately $231,862.00.

9. The financing statement pertaining to the Note in favor of Suntrust has priority over that of the Secondary Loan.

10. The profit to be made from the sale of the inventory and / or the Assets will likely be diminished due to the overhead and marginal costs associated with the time and effort necessary to sell such Assets in the ordinary course of the retail business as previously operated.

11. Suntrust and the Secondary Loan creditor (collectively, the "Secured Lenders") have been informed of the proposal of this Motion, and on information and belief, consent or do not object to the relief requested, provided the proceeds of the sale go first to them in the order of priority set forth herein.

III.    RELIEF REQUESTED

The Debtor requests that the Court enter an Order: (i) establishing the Auction Procedures described below; (ii) that the Sales Agent be permitted to schedule the Auction date for January 21, 2010, or such other date as is determined best to maximize the sale proceeds, but not later than March 31, 2010, absent further approval of the Court; (iii) approve the Debtor's entering into the Letter of Agreement with Rasmus attached hereto; and (iv) authorizing the Debtor to pay, from the proceeds of the sale, customary closing costs including but not limited to any outstanding taxes, a sales commission to Rasmus in accordance with the Letter Agreement, and the buyer premium referenced therein, and (v) authorizing the Debtor to take all necessary and reasonable actions to consummate the auction and sale.

Provided all net proceeds of sale are paid to the Secured Lenders in order of priority until such liens are satisfied, the Debtor seeks authority to advertise and sell the Assets free and clear of the lien of the UCC-1 financing statements. The sale of the Assets free and clear of the liens of the financing statements will be pursuant to §363(f)(2), (f)(3), as the Debtor expects the auction price of the Assets to exceed the amount of the Suntrust indebtedness, and Secondary Loan lender will consent.  In the alternative, if the auction price does not exceed the amount of the Suntrust Note, the Trustee will request consent of the sale pursuant to §363(f)(2) from all Secondary Lenders.

IV.    PROPOSED AUCTION PROCEDURES

Reservation of Rights: The Debtor may reject any bid it believes is not commensurate with the value of the Assets being sole, and may make reasonable modifications to these procedures with or without notice.

Subject to such proviso, Rasmus shall advertise the assets for sale on the Internet in accordance with the terms of the Letter Agreement.  In contrast to normal bidding procedures, Internet bidding is

open until a closing date and time is announced.

The highest bid received for each particular item of the Assets placed for sale shall be hall be the winning bid ("Winning Bid"). A fifteen percent (15%) buyer's premium shall be added to the Winning Bid to create the "Final Amount" for the transaction (but it is not intended that the buyer's premium be a part of the Asset price for tax purposes, but rather compensation for services). Rasmus shall be responsible for receiving and presenting such bids, and collecting and remitting the proceeds to the Debtor no later than April 1, 2011.

<u>Closing</u>: The Winning Bidder shall have thirty (30) days from the auction date or the date specified by Rasmus (whichever is later) to close the sale of the purchased Asset.

V.     <u>MARKETING EXPENSES</u>

In order to effectively market the Assets and ensure a successful Auction, Rasmus is required to advertise the Auction. It is anticipated that such costs are part of the sales commission and/or buyer's premium that Rasmus is to receive.

VI.    <u>AUTHORIZATION TO SELL PROPERTY</u>

Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Debtor-in-Possession is the Debtor." 11 U.S.C. § 1101(1). The Debtor-in-Possession has the rights of a Trustee in this Motion. 11 U.S.C. § 1107(a). This proposed transaction represents the exercise of reasonable business judgment by the Debtor in Possession. *See In re Meredith,* 2005 WL 3763840 (Bankr. E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.,* 124 B.R. 169 (D. Del. 1991); *In re Titusville Country Club,* 128 B.R. 396 (Bankr. W.D. Pa. 1991).

In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice

of the sale has been given; (iii) the sale will yield an adequate price *(i.e.,* one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.,* 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club,* 128 B.R. at 399. The proposed sale of the Assets pursuant to the Auction described above satisfies this standard.

Pursuant to 11 U.S.C. § 363(f), a trustee may sell the Property free and clear of all liens and other interests, including but not limited to the Secured Lender's interests. Because the proceeds are to be paid to the Secured Lenders, this is to assure there is no chilling on the sale due to procedural concerns of potential bidders. Specifically, the Debtor seeks approval to sell the Assets free and clear of the Secured Lender's financing statement liens pursuant to 11 U.S.C. §363(f)(3) because the respective sale price for the Assets is expected to exceed the value of Secured Lenders' alleged liens for the Assets. In the alternative, the Debtor will seek to obtain consent of the sale from the parties secured by the liens in favor of the Secured Lenders, warranting approval pursuant to 11 U.S.C. §363(f)(2)

## VII. PAYMENT OF COMMISSIONS[6]

The Debtor requests that it be authorized to pay Rasmus its standard commission of twenty percent (20%) of the Winning Bid amount at closing. The Debtor further requests authority for Rasmus to assess the Buyer's Premium as set forth above.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

a. approving the Auction Procedures proposed herein;

b. approving the sale of the Assets at the Sale Price to the Winning Bidder free and clear of all liens and other interests provided the proceeds are sufficient to satisfy the Suntrust debt and Secondary Loan debt, respectively, or if otherwise consented to by such Secured Lender(s) pursuant to 11 U.S.C. §363(f)(2)

c. authorizing the Debtor to take all necessary and reasonable actions to consummate the sale, including the payment of customary closing costs, and commissions owed to Rasmus in accordance with the proposed written letter agreement, and the proposed buyer's premium; and

  e.  granting such other relief as this Court deems just and equitable.


December 28, 2010        Respectfully Submitted,
               EUROPA STONE DISTRIBUTORS, INC.,
                 Debtor-in-Possession
               By Counsel

/s/James M. Towarnicky
James M. Towarnicky, Va Bar No. 26549
JAMES M. TOWARNICKY, P.L.L.C.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
Telephone: 703.352-0022
Facsimile: 703.352-1516
*Counsel to the Chapter 11 Debtor in Possession*

<u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

  I HEREBY CERTIFY that on this 28th day of December, 2010, a copy of the foregoing Motion was sent by certified mail, return receipt requested and first class mail, postage prepaid to all creditors and the United States Trustee at the below address in accordance with the schedules of the Debtor as per the following mailing grid:

  Frank Bove, Esq.
  Office of the United States Trustee
  115 S. Union Street, Room 206
  Alexandria, VA 22314

  Bruce Henry, Esq.
  Henry & O'Donnell, P.C.
  300 N. Washington Street, Suite 204
  Alexandria, VA 22314
  Counsel for Suntrust N.A.

  Eleanor Werthman
  NeoNatal Health Services, P.C.
  6306 Evermay Drive
  McLean, VA 22101
  Secured Creditors

  And via electronic filing procedures of the Courts ECF system.

              <u>Is/ James M. Towarnicky</u>
               James M. Towarnicky

MAILING GRID

Adolfo Forti Marmi S.p.A.
Attn: Roberto Rollando
Via Carriona 430
54031 Carrara (MS), Italy

Andrade S/A Marmore E Granitos
Attn: Derlane Romano
Rua um, Quadra um, s/n
CIVIT I Serra ES
Caixa Postal 156 CEP29168-020 Brazil

Antolini Do Brasil
Rod BR 101 Km 278, s/n
Caixa Postal 040.043
Serra/ES Cep 29.160-970 Brazil

Antolini Luigi & C. S.P.A.
Attn: Alberto Antolini
Via Napoleone 6
37015 St. Ambrogio di Valpolicella
Verona, Italy

Bonotti Stone Trading International
Attn: Lorenzo Bonotti
Argine Destro Carrine 29
54036 Marina DI Carrara MS, Italy

Bramagran
Attn: Rafael Mello
Rodovia Fued Nemer, s/n - KM07
Aracui - Castelo, ES  29360-000 Brazil

Brasil Stone LTDA   Attn: Fred
Avenida Brasil, 50.500 - Campo Grande
CEP:23.065-480
Rio de Janeiro/RJ Brazil

Cold Spring Granite Company
P.O. Box 71037
Chicago, IL  60694-1037

Crystal Granite & Marble USA, LLC
Attn: Mayur Srinivasan
1033 North Jacks Lake Road
Clermont, FL  34711

Emigran
Attn: Daniela Sibin
2555 Av. Brasilia
Vila Loyola 13870-590 Brazil

Europa Property Management, LLC.
45805 Woodland Road
Sterling, VA  20166

Global Stone Pvt. Ltd
Attn: Mayank Shah
Riico Industrial Area, Plot No
E40 to G-47, Extn. Bagru, Dist, India

Granisa, SA
Attn: Carlos Alonso
Poligono Industrial A Granxa
P.O. Box 88
36400 Porrino Pontevedra, Spain

Granita Granitos Ltda.
Rod Cachoeiro X Frade
KM 06 SN Fazenda Urtiga
Cachoeiro de Itapmirim
ESP. Santo Brasil - CEP. 29.300.970

Graniti Marmi Pietre
Attn: Dario
19034 Ortonovo
Via Aurelia n. 351, Italy

Indus Trade & Technology LLC
Attn: Suren
1200 , TICES LANE
Suite # 106
E. Brunswick, NJ 08816

Jacigua Marmores & Granite
Gumercindo Moura Nunes Road KM 08
Santa Rosa, V.G. Soturno
Cachoeiro - E.S.  -  Attn: Ricardo
Zip Code 29310.140 – Brazil

Landi Group S.R.L.
Attn: Fred Regolini
Via Tognocchi 338
55046 Pozzi Del Seravezza LU, Italy

Metro S.P.A. Marmi E Graniti
Via Dorsale 9
54100 MAssa (MS), Italy

Rocas Europeas de Construccion, S.A.
Attn: Marcio Regis
Las Gandaras de Budino
Ss/n 36400 Porrino Pontevedra, Spain

SmartStone PVT. LTD.
Attn: Aditya Mittal
Plot 218, Bommsandra KIADB
Industrial Area, 3rd Phase
Anekal Taluk  Bangalore, India

Tebaldi Giuseppe Graniti
Attn: Marco Cavazzuti
Via Vago 28
24060 Zandobbio, BG, Italy